## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                     Case No. 2:04CR1746-001
                                                                                   2:15-cv-1183 KG/WPL

PATRICK JAMES PACHECO,

      Defendant.

## MOTION TO CORRECT SENTENCE
## PURSUANT TO 28 U.S.C. § 2255

      Movant Patrick James Pacheco, through undersigned counsel, Assistant Federal Defender Caleb Kruckenberg, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

      On May 12, 2005, this Court sentenced Mr. Pacheco as an armed career criminal to 180 months (15 years) in the custody of the Bureau of Prisons for the offense of felon in possession of ammunition, and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(e) and 18 U.S.C. § 2. Under the Supreme Court's recent decision in *Johnson v. United States,* 135 S.Ct. 2551 (June 26, 2015), Mr. Pacheco does not qualify as an armed career criminal and his sentence violates due process of law.

Mr. Pacheco respectfully requests that this Court grant this motion, vacate his current sentence, and resentence him to time-served.

## STATEMENT OF THE CASE AND FACTS

On May 12, 2005, this Court entered a Judgment in a Criminal Case sentencing Mr. Pacheco as an armed career criminal to 180 months (15 years) in the custody of the Bureau of Prisons for the offense of felon in possession of ammunition, and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(e) and 18 U.S.C. § 2.

The probation officer determined that Mr. Pacheco was an armed career criminal and therefore his base offense level was 33, pursuant to U.S.S.G. § 4B1.4(a). PSR ¶ 21. Alternatively, the probation officer concluded that Mr. Pacheco had two prior felony convictions for crimes of violence, and that, pursuant to U.S.S.G. § 2K2.1(a)(2), his base offense level was 24. PSR ¶ 15. The alleged prior qualifying crimes of violence or violent felonies were a 1990 Arizona conviction for aggravated assault and a 1991 Arizona conviction for attempted armed robbery. PSR ¶ 15. It is not clear what was considered the third qualifying ACCA predicate. However, he also had prior convictions for solicitation to commit burglary, PSR ¶ 25, and third degree burglary, PSR ¶ 28, that were potentially violent felonies. He received a two-level reduction for acceptance of responsibility. PSR ¶ 22. Based on a total offense level of 31 and a criminal history category of VI, his advisory guideline range was 188-235 months. PSR ¶ 62. He was sentenced to 180 months in prison. His current projected release date is September 16, 2017.

Mr. Pacheco did not appeal his sentence because he pled guilty pursuant to a plea agreement in which he waived his rights to appeal and to collaterally attack his sentence. However, the government, through Assistant United States Attorney Alfred Perez, has agreed to waive enforcement of this provision of the plea agreement.

This is Mr. Pacheco's first motion under 28 U.S.C. § 2255.

## BASIS FOR § 2255 RELIEF

In light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), Mr. Pacheco does not qualify as an armed career criminal. Accordingly, his sentence violates due process of law.

**II. DISCUSSION.**

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Such a motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mr. Pacheco's motion is timely filed within one year of the decision in *Johnson*.

The Armed Career Criminal Act provides for a minimum mandatory 15-year sentence for defendants who have three qualifying prior convictions for violent felonies. 18 U.S.C. § 924(e). The term "violent felony" is defined as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

§ 924(e)(2)(B).

On June 26, 2015, the Supreme Court declared the residual clause of the Armed Career Criminal Act (ACCA) – "or otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii) – to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011). 135 S. Ct. at 2562-63.

The government stipulated in *United States v. Orona*, CV 14-1061 RB/WPL and CR 11-1385 RB (D.N.M.), that *Johnson* applies retroactively as a new substantive rule pursuant to *Schriro v. Summerlin*, 542 U.S. 348 (2004), and *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). *See Proposed Findings and Recommended Disposition*, Doc. 144, filed October 22, 2015, in *United States v. Orona*, CV 14-1061 RB/WPL and CR 11-1385 RB (D.N.M.). The PFRD was accepted by the district court on November 10, 2015. *See Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition*, Doc. 145, filed November 10, 2015, in *United States v. Orona*, CV 14-1061 RB/WPL and CR 11-1385 RB (D.N.M.).

Mr. Pacheco has four possible predicate convictions. They are solicitation to commit burglary, third degree burglary, aggravated assault and attempted armed robbery, all from Arizona. It is unclear which ones served as the basis for the ACCA determination. However, at this time Mr. Pacheco will assume that the third degree burglary and attempted armed robbery convictions are properly considered predicate offenses.


Neither of the two remaining convictions, aggravated assault[1] and attempted armed robbery,[2] are enumerated offenses under ACCA. They also do not include any element of intentional use of force.

Aggravated assault is not a predicate offense. In Arizona, the aggravated assault statute "encompass[es] ordinary recklessness." *United States v. Esparza-Herrera*, 557 F.3d 1019, 1025 (9th Cir. 2009); *see* A.R.S. § 13-1203(A) (stating that "A person commits assault

---

[1] A.R.S. § 13-1204(a) (1990) provides:
   A person commits aggravated assault if such person commits assault as defined in § 13-1203 under any of the following circumstances:
   1. If such person causes serious physical injury to another.
   2. If such person uses a deadly weapon or dangerous instrument.
   3. If such person commits the assault after entering the private home of another with the intent to commit the assault.
   4. If such person is eighteen years of age or more and commits the assault upon a child the age of fifteen years or under.
   5. If such person commits the assault knowing or having reason to know that the victim is a peace officer, or a person summoned and directed by such officer while engaged in the execution of any official duties.
   6. If such person commits the assault knowing or having reason to know the victim is a teacher or other person employed by any school and such teacher or other employee is upon the grounds of a school or grounds adjacent to such school or is in any part of a building or vehicle used for school purposes, or any teacher or school nurse visiting a private home in the course of his professional duties, or any teacher engaged in any authorized and organized classroom activity held on other than school grounds.
   7. If such person is imprisoned in the custody of the state department of corrections, a law enforcement agency, county or city jail, or adult or juvenile detention facility of a city or county or subject to the custody of personnel from such department, agency, jail or detention facility and commits the assault knowing or having reason to know the victim is an employee of such department, agency, jail or detention facility acting in an official capacity.
   8. If such person commits the assault while the victim is bound or otherwise physically restrained or while the victim's capacity to resist is substantially impaired.
   9. If such person commits the assault knowing or having reason to know that the victim is a fire fighter, fire investigator, fire inspector, or paramedic engaged in the execution of any official duties, or a person summoned and directed by such individual while engaged in the execution of any official duties.

[2] A.R.S. § 13-1904(A) (1991) states: "A person commits armed robbery if, in the course of committing robbery as defined in § 13-1902, such person or an accomplice: 1. Is armed with a deadly weapon or a simulated deadly weapon; or 2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon."

by: 1. Intentionally, knowingly or recklessly causing any physical injury to another person; or 2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or 3. Knowingly touching another person with the intent to injure, insult or provoke such person."). However, crimes of violence, whether they be generic offenses, offenses with an element of force, or offenses under the residual clause, all require a *mens rea* higher than recklessness. *See Id.* (discussing generic offenses and elements of force offenses); *United States v. Sandoval*, 696 F.3d 1011, 1016-17 (10th Cir. 2011) (discussing the residual clause); *United States v. Ramon Silva*, 608 F.3d 663, 672 (10th Cir. 2010) (discussing generic offenses and elements of force offenses). Thus, Arizona aggravated assault is not a crime of violence. *Esparza-Herrera*, 557 F.3d at 1025.

Solicitation to commit burglary is also not a predicate offense after *Johnson*. Inchoate variances of enumerated crimes such as burglary are not counted as enumerated crimes. *James v. United States*, 550 U.S. 192, 197 (2007), *overruled in part by Johnson*, 135 S.Ct. 2251. Instead, such convictions were countable only under the residual clause. *Id.* at 209. Now, the residual clause is invalid. *Johnson*, 135 S.Ct. 2251. Accordingly, Mr. Pacheco's conviction for solicitation to commit burglary is no longer an ACCA predicate.

## CONCLUSION AND REQUEST FOR RELIEF

The minimum sentence under the ACCA is five years longer than the maximum sentence under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2). Mr. Pacheco was sentenced to 60 months more than that minimum sentence because of the residual clause of 18 U.S.C.

§ 924(e)(2)(B)(ii), which is now invalidated. Thus, although Mr. Pacheco was properly sentenced under the ACCA at the time of his conviction, he now has no more than two prior predicate convictions. Mr. Pacheco has already served more than ten years, the maximum sentence applicable to felon in possession of ammunition.

Accordingly, he asks this Court, pursuant to 28 U.S.C. § 2255 and the Due Process Clause of the Fifth Amendment, to immediately enter an order to vacating his sentence and resentencing him to time-served.

Respectfully submitted,

Federal Public Defender
506 S. Main Street, Suite 400
Las Cruces, NM 88001
(575) 527-6930
*Electronically filed on December 18, 2015*
 */s/ Caleb Kruckenberg*
Caleb Kruckenberg
Assistant Federal Public Defender
Caleb_Kruckenberg@fd.org

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served on Assistant United States Attorney Alfred Perez by the district court's electronic filing system on December 18, 2015.

*Electronically filed December 18, 2015*
 */s/ Caleb Kruckenberg*
Caleb Kruckenberg